TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00215-CR






Daniel Ray Resa, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT


NO. 5406, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Daniel Ray Resa guilty of burglary of a habitation. See Tex.
Pen. Code Ann. § 30.02(a)(3) (West 2003). The court imposed a sixty-year prison term. In his only
point of error, appellant contends the court erred by refusing to instruct the jury on criminal trespass
as a lesser included offense. We will overrule this contention and affirm the conviction.

At about 12:30 a.m. on April 11, 2004, Joe Dobie and his wife Diane were asleep in
their residence in rural San Saba County when they were awakened by a loud noise followed by the
sound of glass breaking. Both Joe and Diane testified that they heard two voices coming from the
utility room down the hall from their bedroom. Joe got up to investigate, taking with him a .22 rifle
he kept by the bed. In the dark hallway, he saw the silhouette of a man holding a pistol and said,
"Y'all stop right there." The intruder fired a shot, striking the wall beside him. Joe attempted to
return fire, but his rifle misfired. A second shot was fired, this time in the utility room, striking the
washing machine. Then a third shot was fired from outside the house, shattering a kitchen window. 
Joe proceeded into the utility room, grabbed another rifle he kept there, and stepped onto the porch. 
He saw two men fleeing into the brush. Both men fired at Joe, and he returned their fire. 

It is undisputed that the two assailants were appellant and his brother, Adam Resa. 
The evidence shows that they had broken the lock on the gate to the Dobies' property, driven part-way to the residence in appellant's truck, and then walked the rest of the way to the Dobies' house. 
They were armed with a pistol and a shotgun they took from Joe Dobie's pickup, which was parked
beside the house. The evidence suggests that Adam Resa wielded the pistol which fired the shots
inside the house, while appellant used the shotgun which was fired only once. It had been raining,
and sets of muddy footprints showed that the men had walked around the house checking the
windows before they entered.

In their flight, the brothers became separated. Appellant made it back to his truck and
drove away. Adam was tracked by a dog as he walked across country and was found hiding in a tree. 
Appellant was arrested later that night and gave two statements to the police. In the first, he admitted
driving onto the Dobies' property but said that it was his brother who had alone entered the house. 
In his second statement, appellant said that he "had all the fault in this" and that his brother "had no
idea what was going on."

The indictment alleged that appellant intentionally and knowingly entered the Dobies'
habitation without effective consent and then and there committed and attempted to commit
aggravated assault. See id. The court's charge tracked the indictment and authorized the jury to
convict appellant both as the primary actor and as a party criminally responsible for Adam Resa's
conduct. See id. § 7.02(a)(2). (1)

A defendant is entitled to a lesser included offense instruction if the lesser offense is
included within the proof necessary to establish the offense charged and if there is some evidence
that would permit the jury to rationally find that the defendant, if guilty, is guilty only of the lesser
offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). Under the facts in this
cause, criminal trespass was included within the proof necessary to establish the alleged burglary. 
See Tex. Pen. Code Ann. 30.05(a)(1) (West Supp. 2005). Thus, the question becomes whether there
is evidence to support a finding that appellant was guilty only of criminal trespass.

Appellant argues that he was entitled to a criminal trespass instruction because the
evidence raises issues as to whether he entered the Dobies' residence and whether he entered with
the intent to commit assault. Assuming this to be true, neither issue entitled appellant to a criminal
trespass instruction. If appellant did not enter the house, he was not guilty as a primary actor of
either burglary or criminal trespass. (2) And the intent with which the entry into the house was made
was irrelevant because appellant was not indicted under section 30.02(a)(1) (entered with intent to
commit assault), but under section 30.02(a)(3) (entered and committed or attempted to commit
assault). 

The uncontradicted evidence establishes that at least one of the Resa brothers entered
the Dobies' residence without effective consent and therein committed the offense of aggravated
assault. On the evidence in this record, the jury could have rationally concluded that appellant was
guilty of the alleged burglary either as the primary actor or as a party to his brother's conduct, but
there was no basis for a rational finding that appellant was guilty only of criminal trespass. The point
of error is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: May 12, 2006

Do Not Publish

1. At a separate trial, Adam Resa was convicted of burglary of a habitation and
sentenced to forty years in prison. This conviction was affirmed in Resa v. State, No. 03-05-00315-CR (Tex. App.--Austin Feb. 10, 2006, no pet.) (not designated for publication).
2. Appellant and his brother were trespassing on the Dobies' land, but this offense was
not included within the proof necessary to establish the burglary of the Dobies' house.